IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LARRY COCHRAN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CCB-21-296 |
| MOHAMED S. MOUBAREK, and TOM GERA, | * | |
| | * | |
| Defendants. | | |

\*\*\*

## MEMORANDUM OPINION

Plaintiff Larry Cochran is an inmate at the Federal Correctional Institution Cumberland ("FCI Cumberland"), in Cumberland, Maryland. On February 3, 2021, plaintiff filed a civil rights complaint alleging that defendants violated his Eighth Amendment rights by failing to provide adequate medical care. ECF No. 1. Specifically, he contends that he has been denied necessary medication since being transferred to FCI Cumberland. *Id.*

Plaintiff's complaint was accompanied by a motion to proceed in forma pauperis, in which plaintiff argues that he should be allowed to proceed without payment of the $402 filing fee because he is in imminent danger of serious physical harm or injury. ECF No. 2. Plaintiff is a frequent filer in federal courts and has accumulated three strikes under the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915(g); *see*, *e.g.*, *Cochran v. Schaffer*, No. 4:20-cv-1987, 2021 WL 766910 (N.D. Ohio Feb. 26, 2021).

Plaintiff has also filed an amended complaint (ECF No. 4), a motion for emergency injunctive relief, including an exhibit and affidavit (ECF No. 5), a motion styled "motion for emergency request for an in-court-evidentiary hearing" (ECF No. 15), and a motion styled "2nd

motion to strike respondents expedited response with exhibits"[1] (ECF No. 16). Defendants responded to these filings at ECF Nos. 9, 17.

**Factual Background**

Plaintiff states that he is blind, wheelchair bound, and has extensive nerve damage as well as other physical and mental ailments, many of which are documented in medical records submitted by both plaintiff and defendants. ECF Nos. 1, 4, 5-1 and 9-2. He takes a variety of medications. ECF No. 5-1 at 67-68.

Plaintiff was transferred from the Federal Correctional Institution, Elkton to FCI Cumberland on November 5, 2020. ECF No. 1 at 4. He alleges that upon arriving at FCI Cumberland, defendants changed and discontinued various medications that are vital to his health, without an examination, and with intentional disregard for his pain and suffering. *Id.* at 10. Plaintiff claims that defendants replaced his hypertension medication with a new medication that caused serious side effects including dizziness, abnormal heartbeat, shortness of breath, muscle cramps and pain. *Id.* at 5. Plaintiff states that prescriptions for glucose tablets for hypoglycemia, fluticasone nasal spray for allergies, trazodone for depression and insomnia, buspirone for anxiety, and fluoxetine for panic attacks were all discontinued with no replacements. *Id*. at 6–7. Finally, plaintiff states his prescription for Lyrica, necessary to combat severe nerve pain, was discontinued in January of 2021. *Id*. at 8–9. He describes his pain level as a "'15' on a scale of 'zero' to '10' without the Lyrica because the oxcarbazepine only assist[s] the Lyrica in lowering [his] nerve pain to a tolerable 6 or 5 pain level." *Id*. at 9. He alleges that defendants' failure to provide these

---

[1] No associated first motion to strike appears on the docket. However, a filing entitled "notice of the governments failure to properly serve plaintiff" at ECF No. 12 addresses the same issues as the "2nd motion to strike" at ECF No. 14, and plaintiff refers to it as a first motion to strike. *See* ECF No. 16-4 at 2.

medications and delays in providing them cause him to "suffer day and night in crippling extreme nerve pain." *Id*.

Medical records submitted by plaintiff indicate that plaintiff saw defendant Gera, a physician's assistant, on November 10, 2020. ECF No. 5-1 at 59. At that appointment, Gera discontinued plaintiff's prescriptions for atenolol, fluticasone, glucose, hydrochlorothiazide, lisinopril, tamsulosin, and trazodone. ECF No. 5-1 at 57. He continued prescriptions for Prozac and Buspar for anxiety and depression as well as Trileptal and Lyrica for chronic radicular pain. *Id*. at 59. Gera noted that the change to Terazonsin was "an attempt to relieve BPH symptoms and to manage HTN." [2] *Id*. at 58. Gera ordered future blood tests, weekly blood pressure monitoring, and provision of a cane. *Id*. Defendant Moubarek signed off on these actions. *Id*. at 60.

On November 17, 2021, Gera saw plaintiff again. He discontinued prescriptions for fluoexetine (Prozac) and buspirone (Buspar) due to lack of a mental health diagnosis to support medication for anxiety and depression. ECF No. 5-1 at 62–63. He was given new prescriptions for those medications in lower amounts. *Id*. The records state that plaintiff will be tapered off these medications because there is no current mental health diagnosis, but that plaintiff should "return immediately if condition worsens." *Id*. Defendant Moubarek signed off on these orders. *Id*. at 64.

On January 10, 2021, plaintiff's prescription for Lyrica expired. ECF No. 5-1 at 67. He was given the last dose with instructions to follow up with his provider regarding continuation of Lyrica. *Id*. Medical records submitted by defendants indicate that plaintiff was prescribed Lyrica

---

[2] Terazosin is indicated for treatment of symptomatic benign prostatic hyperplasia ("BPN") and hypertension ("HTN"). The discontinued medications have the following indications: atenolol, hypertension; fluticasone, seasonal allergic rhinitis; hydrochlorothiazide, hypertension; lisinopril, hypertension; tamsulosin, benign prostatic hyperplasia; and trazodone, major depressive disorder. *See*, https://dailymed.nlm.nih.gov/dailymed/index.cfm (last visited July 19, 2021).

again on February 17, 2021.[3] ECF No. 9-2 at 47. Gera noted that plaintiff should regain sufficient strength to walk independently and eventually discontinue use of the wheelchair and Lyrica after three months of physical therapy exercises. *Id.*

## DISCUSSION

**1.    Motion to Proceed in Forma Pauperis**

Plaintiff has accumulated three strikes under the PLRA codified at 28 U.S.C.§1915(g). A review of the Public Access to Court Records ("PACER") shows that plaintiff has filed over 30 lawsuits in at least 15 federal district courts across the country. Numerous cases were dismissed for frivolity, and courts have repeatedly found that he has accumulated three strikes. *See, e.g.*, *Cochran v. Schaffer*, No. 4:20-cv-1987, 2021 WL 766910 (N.D. Ohio Feb. 26, 2021); *Cochran v. Clerk of Court of the U.S. Court of Appeals for the Seventh Circuit*, 5:16-ct-3218 (E.D.N.C. Sept. 23, 2016); *Cochran v. Lindzau*, 5:15-ct-3138, 2015 WL 9049810 (E.D.N.C. Dec. 15, 2015); *Cochran v. Cochran*, 2:07-cv-208 (N.D. Ind. July 26, 2007); *Cochran v. Dept. of Justice*, 2:20-cv-327 (N.D. Ind. Sept. 17, 2020); *Cochran v. Geit, et al.*, 3:11-cv-134, 2013 WL 5230048 (W.D. Wisc. Sept. 17, 2013).

The three-strikes rule "generally prevents a prisoner from bringing suit in forma pauperis (IFP)—that is, without first paying the filing fee—if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim on which relief may be granted.'" *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1723 (2020) (quoting 28 U.S.C. § 1915(g)).[4] A prisoner who, like Cochran, has accumulated three strikes may not file a a civil

---

[3] Plaintiff's complaint and amended complaint were both received by the court and filed prior to his prescription for Lyrica being reinstated on February 17, 2021. His motion for emergency injunctive relief was received and filed on February 23, 2021.

[4] In *Lomax*, the Supreme Court resolved a split among the circuits to hold that regardless of whether a dismissal is with or without prejudice, dismissal of a prisoner's civil lawsuit for failure to state a claim, counts as a strike under the three strikes rule. *Id.* at 1724, abrogating *McLean v. United States,* 566 F. 3d 391 (4th Cir. 2009).

action for damages in forma pauperis unless he demonstrates that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "The exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). This provision allows "a very narrow class of prisoner claims to bypass the 'three strikes' rule." *Meyers v. Commissioner of Social Security Administration*, 801 F. App'x 90, 95 (4th Cir. January 28, 2020). Imminent danger in this context must be "close at hand, not a past infraction," and "must have some nexus or relation to those of the underlying complaint." *Id*. at 96; *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("[T]here must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint."). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin*, 319 F.3d at 1050).

In his motion to proceed in forma pauperis, plaintiff argues that he is in imminent danger of serious harm or injury due to defendants discontinuing his "medically necessary medications." ECF No. 2 at 2. He claims that he is in danger of experiencing serious side effects, including death, due to the change in his blood pressure medication; his low blood sugar is "out of control" without glucose pills, causing "dizziness, migraines . . . and possibly death"; and lack of nerve medication will cause extreme pain and cause other conditions to worsen. ECF No. 2 at 5. These are the same contentions he outlines in his complaint. ECF No. 1.

While many of the health problems plaintiff describes are indeed serious and well-documented, records he submitted in support of his emergency motion for preliminary injunction

(ECF No. 5) indicate that he is being seen regularly and treated for them. His blood pressure is monitored weekly, blood tests are conducted, and medications are monitored and adjusted as needed. There is no indication in the medical records that plaintiff is currently suffering any serious side effects of his new blood pressure medication.[5] He continued to receive medication for anxiety and depression, while being tapered off due to no finding of a current mental health diagnosis. He was taken off Lyrica for nerve pain, but it was prescribed again within weeks of filing his complaint. While plaintiff may not agree with his course of treatment, he has not presented evidence that the changes in his care have put him in danger of imminent serious physical injury; to the contrary, he is receiving regular monitoring and care. *See Johnson*, 200 F. App'x at 272. Plaintiff has not demonstrated a genuine emergency or threat of continuing or future injury to warrant application of the exception to § 1915(g)'s "three strikes rule." Accordingly, the Motion to Proceed in Forma Pauperis will be denied.

**2.      Motion for a Temporary Restraining Order**

To obtain a temporary restraining order ("TRO"), the plaintiff must "establish that [1] he is likely to succeed on the merits, [2] he is likely to suffer irreparable harm in the absence of preliminary relief, [3] the balance of equities tips in his favor, and [4] an injunction is in the public interest." *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The plaintiff must satisfy each requirement as articulated. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 347 (4th Cir. 2009). As a TRO is "an extraordinary remedy," it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

Plaintiff's Motion for Emergency Injunctive Relief and/or for a Temporary Restraining Order asks this court to transfer his medical care to different providers, restore his original

---

[5] Plaintiff claims that he has records of submitting complaints of side effects and states that he will submit them to the court. No such records have been submitted.

prescriptions, and prevent defendants from providing medical care to plaintiff. ECF No. 5-4 at 2. Plaintiff claims this relief is necessary to prevent "further Eighth Amendment violations." ECF 5-4 at 4. In support, plaintiff's arguments and factual basis are largely the same as those outlined in his complaint—that he is not receiving medication he believes he needs, and he is suffering or in danger of suffering physical harm as a result. ECF No. 5-4. In addition, plaintiff alleges that defendants intend to take away his wheelchair and prohibit the use of a cane. *Id*. at 13. He alleges that defendants acted with deliberate indifference in depriving him of necessary medications and medical equipment.

To state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants, or their failure to act, amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure it was available. *See Farmer v. Brennan*, 511 U.S. 825, 834–37 (1994); *see also Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209–10 (4th Cir. 2017).

Plaintiff's motion presents statements of his ongoing medical challenges and his dissatisfaction with the care he is receiving, but he does not provide any factual basis for a finding of deliberate indifference. As described above, records submitted by plaintiff and defendants demonstrate that plaintiff is regularly seeing his medical care providers, they are adjusting his medications based on examinations of him and review of prior records, and he continues to receive medications for his serious physical health problems including hypertension and nerve pain. Furthermore, rather than "take away [his] wheelchair," plaintiff's healthcare providers

maintained a goal for him to walk independently after physical therapy to increase strength. ECF 5-4 at 13; ECF 9-2 at 47. They hope he will eventually discontinue Lyrica as well. *Id*. Plaintiff has presented no evidence that any of these decisions were made with deliberate indifference. He alleges, without evidence, that medical records submitted by defendants were falsified (ECF No. 18 at 8), but he submitted many of the same medical records (ECF No. 5-1) without suggesting that they were inaccurate. In fact, the evidence demonstrates that his medical care providers were providing medications, treatments, therapy and equipment with the goal of improving his overall health, to include walking independently. Essentially, plaintiffs' claims amount to a "[d]isagreement[] between an inmate and a physician over the inmate's proper medical care,' and [the Fourth Circuit] consistently ha[s] found such disagreements to fall short of showing deliberate indifference." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985)).

Without any factual basis to establish deliberate indifference, plaintiff's motion is not likely to succeed.[6] *See*, *Winter*, 555 U.S. at 20. Neither has he presented evidence that he is likely to suffer irreparable harm. *Id*. Plaintiff does not address, let alone demonstrate, that the balance of equities favors preliminary relief or that injunctive relief is in the public interest. *Id*. As plaintiff has not satisfied the elements required to warrant a TRO, his Motion for Emergency Injunctive Relief will be denied.

---

[6] Defendants' response (ECF No. 9) to plaintiff's motion for preliminary injunction contains analysis of several additional reasons the motion is not likely to succeed, including failure to exhaust administrative remedies, immunity, mootness, and failure to state a claim. The response is essentially a response to the complaint itself. The court does not find it necessary to address those issues at this time. Plaintiff has not paid the filing fee. Until he does, the court will not consider his case in any more depth than is necessary to resolve the pending motions.

## CONCLUSION

For these reasons, the Court will DENY Plaintiff's Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) and Motion for Emergency Injunctive Relief and/or Temporary Restraining Order (ECF No. 5). Plaintiff will be provided 28 days to pay the filing fee of $402. Failure to pay the fee will result in dismissal of the complaint without prejudice. Having fully reviewed the papers filed, the court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2018). Plaintiff's Motion for Emergency Request for an In-Court-Evidentiary Hearing on Plaintiff's Request for a Preliminary Injunction (ECF No. 15) will be denied. Plaintiff's Motion to Strike Respondents Expedited Response (ECF No. 16) will be denied.

A separate order will follow.

8/2/2021  /S/
Catherine C. Blake
United States District Judge